UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER SAINT LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., ) ) ) ) ) Plaintiffs, ) ) vs. ) ) AURA CONTRACTING, LLC, ) ) ) Defendant. ) | Case No. 4:11CV01563 AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Contempt (Doc. No.10), arising from Defendant AURA Contracting, LLC's failure to comply with a court order compelling Defendant to account to Plaintiffs for all amounts due and owing Plaintiffs from the period of September 1, 2008 to date (Doc. No. 9). Plaintiffs seek the imposition of a fine and an award of attorney's fees and costs attributable to the filing of these motions. Despite proper notice and personal service upon Defendant's registered agent service of this Court's Orders (Doc. Nos. 4, 10, 13), Defendant has not responded to Plaintiffs' motion.

Courts have authority to award sanctions for contempt in ERISA collection cases where the Defendant and/or its representative fails to participate in discovery for purposes of determining the amount of liability for unpaid fringe benefit contributions. *Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 504-05 (8th Cir. 2000) Appropriate sanctions include monetary fines and the issuance of a writ of body

attachment for incarceration until the contempt is purged. *See, e.g.*, *Fischer v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1340 (8th Cir.1975) (fines); *Painters Dist. Council No. 2 v. Paragon Painting of Missouri, LLC*, No. 4:08CV01501 ERW, 2011 WL 3891870,*1 (E.D. Mo. Sept.1, 2011) (body attachment). In addition, the issuance of an order of contempt, pursuant to Federal Rule of Civil Procedure 45(e) may also include, pursuant to Federal Rule of Civil Procedure 37(b), sanctions such as attorney's fees and costs. A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnors violated a court order. *Chicago Truck Drivers*, 207 F.3d at 504–05.

The Court's contempt power also extends to non-parties who have notice of the Court's order and the responsibility to comply with it. *Id.* at 507 (court's payment orders in ERISA case were binding upon the named corporate defendant's sole shareholder and corporate officer and agent, even though the order made no specific reference to him); *see also Elec. Workers Pension Trust Fund v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 384 (6th Cir. 2003) (owner of corporation, as an officer of the corporation responsible for its affairs, was subject to the court's contempt order just as the corporation itself was even though he was not a named defendant). The Supreme Court has held that "[a] command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt." *Wilson v. United States*, 221 U.S. 361, 376 (1911)

(reviewing a contempt finding against a corporate officer who failed to comply with a subpoena duces tecum).

Courts in this district have previously imposed compliance fines in ERISA delinquency collection cases and have ordered a defendant to reimburse the plaintiffs for attorneys' fees incurred in attempting to compel compliance with a Court order. *See, e.g.*, *Greater St. Louis Construction Laborers Welfare Fund v. Akbar Electric Serv. Co., Inc.*, No. 4:96–CV–1582 CDP, at *1 (E.D. Mo. Apr. 21, 1997) (ordering defendant to reimburse plaintiff for attorney's fees); *Greater St. Louis Construction Laborers Welfare Fund, et al. v. Marvin Steele Enters., Inc.*, No. 4:96–CV–1073 ERW, at *1 (E.D. Mo. Mar. 21, 1997) (ordering a compliance fine of $200 per day). Incarceration also has been used to compel compliance with Court orders in the context of ERISA delinquency actions. *See, e.g.*, *Paragon Painting of Missouri, LLC*, 2011 WL 3891870, at *1; *Marvin Steele Enters.*, No. 4:96–CV–1073 ERW, at*1 (ordering that a bench warrant issue for the arrest of the individual defendants). In addition, courts in this district have imposed contempt sanctions on a corporation's officer who failed to participate in post-judgment discovery in an ERISA delinquency action. *See, e.g.*, *Carpenters' District Council of Greater St. Louis and Vicinity v. DLR Opportunities, Inc.*, No. 4:07–CV–00061 CAS, at*2 (E.D. Mo. Feb. 22, 2008) (imposing a compliance fine of $100 per day on the defendant's president).

Pursuant to its Order of June 20, 2012, the Court held a show cause hearing on the motion for contempt on July 6, 2012. Prior to the hearing Plaintiffs submitted an affidavit (Doc. No. 14) verifying personal service upon Defendant of the Court's Orders setting the

hearing and requiring Defendant to produce its records for purposes of liability determination.  Defendant did not appear at the hearing.

On the basis of the record before it, the Court finds that Plaintiffs have proven by clear and convincing evidence that Defendant, despite notice of Plaintiffs' complaint and motions and of this Court's Orders, has failed to respond to or comply with those Orders. Therefore, the Court finds Defendant in contempt and will award sanctions against Defendant in the form of a compliance fine and attorney's fees and costs for the filing of the motions for default order of accounting and contempt.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant AURA Contracting, LLC, is found in **CONTEMPT** of this Court.  As sanctioned, Defendant is liable for a fine of $100.00 per day for every day after this date that Defendant fails to submit its records for inspection or otherwise comply with this Court's Orders and Plaintiffs' discovery requests.  Plaintiffs' attorney shall contact the Court if and when Defendant produces its records for inspection.

**IT IS FURTHER ORDERED** that the Plaintiffs' request for an award of attorneys' fees and costs of its motions for a default order of accounting (Doc. No. 6) and contempt (Doc. No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' oral motion for a writ of body attachment is denied without prejudice to refiling in the event of Defendant's continued non-compliance.  Plaintiffs are granted until **July 20, 2012** to file a memorandum in support of such motion, which shall clearly identify the individual Plaintiffs seek to bring before the Court and his or her relationship to Defendant.

**IT IS FURTHER ORDERED** that Plaintiffs shall effect service of this Order and the Court's Order of January 5, 2012, (Doc. No. 9) on Defendant by whatever means they believe to be most effective, and shall promptly file a certificate of such service. Failure to show adequate evidence of prompt service may result in the continuation or cancellation of the compliance fine ordered herein.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2012.