UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER SAINT LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )  Case No. 4:11CV01563 AGF |
| AURA CONTRACTING, LLC, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for a Writ of Body Attachment Contempt (Doc. No.17), arising from Defendant AURA Contracting, LLC's failure to comply with a court order compelling Defendant to account to Plaintiffs for all amounts due and owing Plaintiffs for the period of September 1, 2008 to date. (Doc. No. 9.) After notice and a show cause hearing on the motion for contempt, the Court issued an Order on July 6, 2012, finding Defendant in contempt of this Court and imposing a fine of $100.00 per day for every day after the date of the Order that Defendant fails to submit its records for inspection or otherwise comply Plaintiffs' discovery requests. Despite personal service upon Defendant's registered agent of this Court's Orders, (Doc. Nos. 4, 10, 13, and 15), Defendant has not appeared or responded to the Orders or to Plaintiffs' motions.

Plaintiffs seek a writ of body attachment for Tim Corry as agent of Defendant. In support of their motion they submit an affidavit and accompanying exhibit which is the

signature page of the collective bargaining agreement executed on August 1, 2009 between Plaintiffs and Defendant. (Doc. Nos. 6-1 and 18-1.) On that document Tim Corry's signature appears on the line designated for "owner" or "corporate officer.'" Below his signature, Corry indicates that his title is "Member." *Id.*

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnors violated a court order. *Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 504-05 (8th Cir. 2000). Such sanctions are proper where the defendant and/or its representative fails to participate in discovery for purposes of determining the amount of liability for unpaid fringe benefit contributions. *See, e.g.*, *Painters Dist. Council No. 2 v. Paragon Painting of Missouri, LLC*, No. 4:08CV01501 ERW, 2011 WL 3891870,*1 (E.D. Mo. Sept.1, 2011) (body attachment). The United States Supreme Court has held that "[a] command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt." *Wilson v. United States*, 221 U.S. 361, 376 (1911) (reviewing a contempt finding against a corporate officer who failed to comply with a subpoena duces tecum). Therefore, the Court's contempt power extends to non-parties who have notice of a court's orders and the responsibility to comply with them. *Chicago Truck Drivers*, 207 F.3d at 507 (court's payment orders in ERISA case were binding upon the named corporate defendant's sole shareholder and corporate officer and agent); *see also Elec. Workers*

*Pension Trust Fund v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 384 (6th Cir. 2003) (owner of corporation, as an officer of the corporation responsible for its affairs, was subject to the court's contempt order even though he was not a named defendant).

On the basis of the record before it, however, the Court is not satisfied that Plaintiffs have proven by clear and convincing evidence that Tim Corry is presently an officer or owner of Defendant for purposes of the issuance of the writ. Therefore, the Court will allow Plaintiffs additional time to verify the nature of the relationship, if any, between Tim Corry and Defendant by obtaining and submitting to the Court further evidence, such as corporate records or registration information on file with the Office of the Missouri Secretary of State or other appropriate authority.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs shall have until **July 31, 2012,** to provide further documentation verifying the current relationship of Tim Corry to Defendant.

**IT IS FURTHER ORDERED** that Plaintiffs shall effect service of this Order on Defendant by whatever means they believe to be most effective, and shall promptly file a certificate of such service. Failure to show adequate evidence of prompt service may result in the continuation or cancellation of the previously imposed compliance fine.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of July, 2012.