UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No.   4:11CV01563AGF ) |
| AURA CONTRACTING, LLC, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion for default judgment (Doc. No. 24) against Defendant AURA Contracting, LLC.  Plaintiffs filed this action on September 9, 2011, under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, to recover delinquent fringe benefit contributions allegedly owed to the plaintiff employee benefit funds ("Plaintiff Funds").

The Plaintiffs herein are four employee benefit plans, the Greater St. Louis Construction Laborers Welfare Fund, Construction Laborers Pension Trust of Greater St. Louis, the St. Louis Vacation Fund–Vacation Plan, and ACG–Eastern Missouri Laborers' Joint Training Fund ("Plaintiff Funds"); their boards of trustees; and Local Union Nos. 42-53-110, Laborers International Union of North America, AFL-CIO.  Plaintiffs allege that Defendant has been bound by collective bargaining agreements ("CBAs") with Laborers Locals 42-53-110 since August 1, 2008, and is a signatory to a participation agreement with the Plaintiff Funds.  They assert that as a result, Defendant is required to submit

monthly reports and remit contributions to the Plaintiff Funds.  The CBAs and trust documents establish liability for damages in the event a signatory contractor, such as Defendant, becomes delinquent in making contributions.  Plaintiffs further allege that the CBAs and trust documents also authorize audits of a signatory contractor's records for purposes of determining damages under these agreements.  Finally, Plaintiffs assert that Defendant failed to submit the monthly reports and to make the contributions to the Plaintiff Funds required of it under the CBAs and has not remitted its reports for the period August 2010 to date.

Plaintiffs filed their complaint on September 9, 2011, and served the complaint and summons on Defendant by special process server on October 24, 2011.  (Doc. Nos. 1 and 4.)  Defendant failed to file an answer or otherwise respond to the complaint.  On November 15, 2011, Plaintiffs filed two motions, one for entry of Clerk's default against Defendant and another, accompanied by affidavits and exhibits, for default judgment as to liability and for an order requiring Defendant to submit to an audit.  (Doc. Nos. 5 and 6.)  Pursuant to Plaintiffs' request, the Clerk of the Court entered the default of Defendant by Order dated November 16, 2011.  (Doc. No. 8.)  Defendant neither filed a response to Plaintiffs' motion for default judgment, nor moved to vacate the entry of default.

On January 5, 2012, this Court granted Plaintiffs' motion for default judgment and for an order requiring Defendant to submit to an audit.  (Doc. No. 9.)  Plaintiffs filed a motion for contempt on February 8, 2012, for Defendant's refusal to comply with this Court's order.  (Doc. No. 10.)  On July 6, 2012, this Court held a hearing on this motion.

Defendant failed to appear, and this Court granted the motion for contempt. (Doc. No. 15.) Subsequently, Plaintiffs requested and then withdrew their request for a writ of body attachment. (Doc. Nos. 17 and 22.)

On December 7, 2012, Plaintiffs filed the present motion for default judgment against Defendant for fringe benefit contributions due to the Plaintiff Funds for the period of August 1, 2008, through July 31, 2011, in the total amount of $49,028.37; liquidated damages in the amount of $10,881.68; interest on such delinquent contributions in the amount of $4,956.88; and accounting fees in the amount of $1,358.50. (Doc. No. 24.) Plaintiffs further seek $2,034.00 in attorney's fees, and $812.55 in costs, consisting of the filing fee and cost of service of the summons and complaint by a special process server. (Doc. No. 24.) Plaintiffs submitted affidavits and exhibits supporting these amounts. (Doc. Nos. 24-1 through 24-9.) Defendant has not filed a response to Plaintiffs' motion for default judgment.

The liability of a defendant is established upon entry of default, and therefore once default is entered, the plaintiff is not required to establish its right to recover. *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973) (stating that on establishment of default, "the defendant has no further standing to contest the merits of plaintiff's right to recover"); *Kellett v. Wofford Bros. Servs., Inc.*, No. 4:10–CV–120 CAS, 2011 WL 1526963, at *1-2 (E.D. Mo. April 20, 2011) (applying the above principle to a case for delinquent contributions under ERISA and LMRA). Thus, the only issue before the Court is the amount of damages owed by Defendant to Plaintiffs. *See Kellett*, 2011

3

WL 1526963, at *2; *Flynn v. Williams Masonry*, 233 F.R.D. 176, 177 (D.D.C. 2005), *amended on other grounds*, 444 F. Supp. 2d 221 (D.D.C. 2006).

In an ERISA case, a court has the discretion to determine damages based on "detailed affidavits or documentary evidence." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (citation omitted). When a court enters judgment for the plan for contributions owed under a CBA, ERISA provides that the court shall award the plan (1) the unpaid contributions, (2) the interest on the unpaid contributions, (3) the greater of the amount of interest on the unpaid contributions or the amount of liquidated damages provided for under the plan, not in excess of 20 percent of the amount of unpaid contributions, and (4) reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(2). Damages must be proven by a preponderance of the evidence. *Trustees of the I.B.E.W. Local 405 Health & Welfare Fund v. Tichy Elec. Co., Inc.*, No. 07-CV-39-LRR, 2008 WL 154641, at *5 (N.D. Iowa Jan. 15, 2008).

Upon review of the record, the Court concludes that Plaintiffs have provided appropriate records and affidavits in support of awards for the fringe benefit contributions due the Plaintiff Funds and Locals 42-53-110 (Doc. No. 24-7), for interest on these delinquent contributions through December 31, 2012, (Doc. No. 24-7), for liquidated damages on the contributions due to the Plaintiff Funds (Doc. No. 24-7), and for the accounting fees (Doc. No. 24-6).

Plaintiffs' counsel has submitted an affidavit showing that two attorneys and a paralegal worked on this matter for 11.6 hours at $165.00 per hour, 0.2 hours at $175.00

4

per hour, and 1.0 hour at $85.00 per hour.  (Doc. No. 24-8.)  The Court concludes that these fees requested are reasonable, especially in light of the fact that Plaintiffs had to bring contempt motions.  Plaintiffs' costs, consisting of the court filing fee and cost of service of the summons and complaint by a special process server also are reasonable and customary and will be awarded as well.  (Doc. No. 24-8.)

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment is **GRANTED.**  (Doc. No. 24)

**IT IS FURTHER ORDERED** that Defendant shall pay to Plaintiffs the contributions due to the Plaintiff Funds for the period of August 1, 2008, through July 31, 2011, in the total amount of $49,028.37; liquidated damages in the amount of $10,881.68; the interest on such contributions in the amount of $4,956.88; and accounting fees in the amount of $1,358.50.

**IT IS FURTHER ORDERED** that Defendant shall pay to Plaintiffs attorney's fees in the amount of $2,034.00, and costs of $812.55.

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to serve a copy of this Memorandum and Order on Defendant AURA Contracting, LLC at the address of service employed by the special process server.

A separate Default Judgment shall accompany this Memorandum and Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of March, 2013.